UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-1579 PSG(AGRx) | Date | May 28, 2008 |
|---|---|---|---|
| Title | Allstate Ins. Co. v. Hess, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers)**
            **Order to Show Cause re Dismissal of Declaratory Relief Action**


This is an action for declaratory relief under the Federal Declaratory Judgment Act ("Act"), which provides in part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (emphasis added). As is evident from the word "may," the Act does not grant litigants an absolute right to a legal determination. See United States v. Washington, 759 F.2d 1353, 1356 (9th Cir. 1985). Rather, the decision to grant declaratory relief rests within a district court's discretion. Id.

The district court considers the following factors in determining whether to entertain a suit for declaratory relief: (1) avoidance of "needless determination of state law issues," forum shopping, and duplicative or piecemeal litigation;[1] (2) the existence of a parallel, pending state-court action that involves the same legal issues as the federal

---

[1] Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225-26 (9th Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV08-1579 PSG(AGRx) | Date | May 28, 2008 |
|---|---|---|---|
| Title | Allstate Ins. Co. v. Hess, et al. | | |

action;[2] (3) whether the declaratory action (a) will "settle all aspects of the controversy," (b) will clarify the legal relations at issue, (c) is being sought only for purposes of procedural fencing or to obtain a <u>res judicata</u> advantage, or (d) will result in entanglement between the federal- and state-court systems; (4) whether there exist alternative remedies that are convenient for the parties;[3] and (5) the promotion of sound public policy.[4]

The Court orders Plaintiff(s) to show cause in writing by **June 10, 2008** why this Court should not dismiss this action, without prejudice.

IT IS SO ORDERED.

: 

Initials of Deputy Clerk

cc:

---

[2] <u>Chamberlain v. Allstate Ins. Co.</u>, 931 F.2d 1361, 1366-67 (9th Cir. 1991).
[3] <u>Dizol</u>, 133 F.3d at 1225 n.5.
[4] <u>Employers Reinsurance Corp. v. Karussos</u>, 65 F.3d 796, 798-99 (9th Cir. 1995) (noting important policy considerations, such as "avoiding rendering opinions based on purely hypothetical factual scenarios, discouraging forum shopping, encouraging parties to pursue the most appropriate remedy for their grievance, preserving precious judicial resources, and promoting comity").